UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

KINSALE INSURANCE COMPANY,

    Plaintiff,

v.                                                                            CASE NO:  4:22-cv-3434

PILOT WATER SOLUTIONS
PERMIAN, LLC, CAMILO SALCEDO,
and TEXAS MUTUAL INSURANCE
COMPANY,

    Defendants.
_____/

## COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES

KINSALE INSURANCE COMPANY ("Kinsale") files suit against PILOT WATER SOLUTIONS PERMIAN, LLC ("Pilot Water"), CAMILO SALCEDO, and TEXAS MUTUAL, INSURANCE COMPANY ("Texas Mutual"), and in support alleges:

### NATURE OF ACTION

1. This is an action for declaratory relief under 28 U.S.C. § 2201 and damages to determine whether there is coverage available for injuries to an employee who was burned by flammable liquid on his body that ignited.

### JURISDICTION AND VENUE

2. Jurisdiction is proper because there is diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a).

3. Venue is proper in this district because the underlying lawsuit is being litigated in this district, and otherwise, a "substantial part of the events … giving rise to the claim occurred in this district." *See* 28 U.S.C. § 1391(b)(2).

4. All conditions precedent have occurred, been performed, or have been waived.

## THE PARTIES

5.      Kinsale is an Arkansas corporation with its principal place of business in Virginia. For purposes of this action, Kinsale is an eligible surplus lines insurer that issued a surplus lines, commercial general liability insurance policy and an excess policy to Pilot Water.

6.      Pilot Water is a limited liability company with its principal place of business in Texas. Upon information and belief, Pilot Water was previously known as "RBJ & Associates, LLC," and changed its name on 07/17/2019 to "Piot Water Solutions Permian, LLC." Before that change, "RBJ & Associates, LLC" was named "RBJ & Associates, LP." Upon information and belief, no member of Pilot Water is a citizen of Arkansas or Virginia.

7.      Camilo Salcedo was an employee of Pilot Water who was injured in the course and scope of his employment. He is a resident of Texas.

8.      Texas Mutual is a corporation formed under the laws of Texas, with its principal place of business in Texas. Texas Mutual insured Pilot Water under a Workers' Compensation and Employers Liability Policy that was in effect on the date of the accident.

## THE LAWSUIT

9.      Camilo Salcedo was employed by Pilot Water at a saltwater disposal site located in Pecos County, Texas.

10.     On 05/06/2019, Salcedo "suffered life-altering burns when the trash pump and piping system at the saltwater disposal site spewed flammable liquid all over him. Almost immediately, the liquid ignited."

11.     More specifically, Salcedo alleges he was "pulling bottoms" from a gun barrel tank, specifically, oil that settled on top of the water in the tank. He was near the pump when a "primer plug" on top of the pump blew off, and the resulting spray covered him in the oil. He began walking away and removing his oil-covered shirt, but the pump ignited and he was ablaze.

12. Salcedo filed suit against Pilot Water and others in district court in Harris County, Texas, in an action bearing Cause No: 2020-20371. (A copy of Plaintiff's Fifth Amended Petition is attached as Exhibit "A.")

13. Kinsale is fully defending Pilot Water under a complete reservation of rights.

## KINSALE COMMERCIAL GENERAL LIABILITY POLICY

14. Kinsale is a surplus lines insurer.[1]

15. "RBJ & Associates LP" applied to Kinsale and purchased a surplus lines commercial general liability policy, bearing Policy No. 0100016267-5, effective from 12/22/2018 to12/22/2019.[2] (A complete copy of the policy is attached as Exhibit "B.")

16. The policy includes the following exclusion (Form EGY3001 0110):

## EXCLUSION – EMPLOYERS LIABILITY

**SECTION I-COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 2. Exclusions, Employer's Liability,** of this policy is deleted and replaced with the following:

This insurance does not apply to any claim, "suit", cost or expense arising out of "bodily injury" to:

a. Any employee of any insured arising out of and in the course of:

(1) Employment by any insured; or

(2) Performing duties related to the conduct of any insured's business; or

---

[1] Surplus lines insurance is a type of insurance available when, due to the nature and severity of the risk, an insured cannot obtain coverage from insurers authorized to do business in the state. *Steadfast Ins. Co. v. SMX 98, Inc.,* No. H-06-273, 2009 WL 890398, at *1 (S.D. Tex. Mar. 30, 2009). The insured here could not obtain insurance through the admitted market so as a last resort it purchased an insurance policy from Kinsale in the surplus lines market, which generally has more restrictive terms than the admitted market. *See Raven Envtl. Restoration Servs., LLC v. United Nat'l Ins. Co.*, 489 F. Supp. 3d 1372, 1376 (S.D. Fla. 2020) (noting a surplus lines insurer often has "more restrictive terms or exclusions on its policies.").

[2] "RBJ & Associates, LLC" became the sole Named Insured effective 07/15/2019 under Policy Change Number 4. Also after the accident, "Pilot Water Solutions Permian LLC" became the sole Named Insured effective 08/26/2019 under Policy Change Number 5.

    b.    The spouse, child, parent, brother, sister or relative of that employee as a consequence of Paragraph a. above.

This exclusion applies:

    a. Whether any insured may be liable as an employer or in any other capacity;

    b. To any obligation to share damages with or repay someone else who must pay damages because of the injury.

This exclusion does not apply to liability assumed by the insured under an "insured contract".

Wherever the word "employee" appears in this exclusion, it shall mean any member, associate, "leased worker", "temporary worker" or any person or persons loaned to or volunteering services to you.[3]

17.    The policy's includes the following exclusion (Form CG 00 01 10 01, Pg. 2/16):

**SECTION I – COVERAGES**

**1.    Exclusions**

    This insurance does not apply to:

    **d.    Workers' Compensation And Similar Laws**

    Any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law.

18.    The policy also includes the following exclusion (Form CAS4020 0110):

## LIMITATION - INDEPENDENT CONTRACTORS

The following exclusion is added to this policy:

This insurance does not apply to any claim or "suit" for "bodily injury", "property damage" or "personal and advertising injury" arising directly or indirectly out of, related to, or, in any way involving acts of independent contractors or subcontractors contracted by you or on your behalf unless at the time the "bodily injury", "property damage" or "personal and advertising injury" occurs:

    1.    The independent contractor or subcontractor contracted by you or on your behalf:

---

[3] The policy also includes Exclusion d. Workers' Compensation And Similar Laws. (*See* Form CG 00 01 10 01, Pg. 2/16.)

  a. Maintains insurance coverage with limits of insurance equal to or greater than the insurance coverage and limits of insurance provided by this policy; and

  b. Provides you with an endorsement or certificate of insurance indicating that you have been added to the independent contractor's or subcontractor's policy as an Additional Insured; and

  c. Provides you with an endorsement or certificate indicating that the independent contractor's or subcontractor's insurance company has agreed to provide a Waiver of Subrogation endorsement in your favor; and

2. The contracts with the independent contractor or subcontractor you have hired contain hold harmless and indemnity agreements in your favor, indemnifying you against any losses or expenses arising from or related to work performed for you or on your behalf by such independent contractor or subcontractor.

19. The policy includes the following exclusion (Form CAS3043 0817):

# POLLUTION EXCLUSION AMENDED WITH TIME ELEMENT POLLUTION INCIDENT EXCEPTION

**This endorsement modifies insurance provided under the following:**
**COMMERCIAL GENERAL LIABILITY COVERAGE**

| SCHEDULE | | |
|---|---|---|
| **Discovery** | 7 | Day |
| **Reporting** | 45 | Day |

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 2. Exclusions,** item **f.** and **COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY, 2. Exclusions m.** and **n.** are deleted and replaced with the following:

**ABSOLUTE POLLUTION EXCLUSION**

1. This insurance does not apply to any claim or "suit" for "bodily injury", "property damage", "personal and advertising injury" or other injury or damage arising directly or indirectly out of, related to, or, in any way involving:

    Pollution/environmental impairment/contamination or any expenses or any obligation to share damages with or repay anyone else who must pay damages from same in conjunction with occurrences arising out of or alleged to have arisen out of same. All liability and expense arising out of or related to any form of pollution, whether intentional or otherwise and whether or not any resulting injury, damage, devaluation, cost or expense is expected by any insured or any person or entity, is excluded throughout this policy.

2. This insurance does not apply to any damages, claim, or "suit" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants" including but not limited to any:

    a.    "Bodily injury", "personal and advertising injury", "property damage" or other injury or damages for the devaluation of property, or for taking, use or acquisition or interference with the rights of others in or on property or air space, or any other type injury or expense; or

    b.    Any loss, cost, expense, fines and/or penalties arising out of any (i) request, demand, order, governmental authority or directive that of any private party or citizen action that any insured, or others, test for, monitor, clean up, remove, contain, treat, detoxify or neutralize or in any way respond to, or assess same, the effects of "pollutants", environmental impairments, contaminants or (ii) any litigation or administrative procedure in which any insured or others may be involved as a party as a result of actual, alleged or threatened discharge, dispersal, seepage, migration, release, escape or placement of "pollutants", environmental impairments, or contaminants into or upon land, premises, buildings, the atmosphere, any water course, body of water, aquifer or ground water, whether sudden, accidental or gradual in nature or not, and regardless of when.

These exclusions apply regardless of whether:

1.    Injury or damage claimed is included within the "products-completed operations hazard" of the policy; or

2.    An alleged cause for the injury or damage is the insured's negligent hiring, placement, training, supervision, retention, act, error or omission.

The definition of "pollutants" in this policy is deleted and replaced with the following:

"Pollutants" means any solid, liquid, gaseous, fuel, lubricant, thermal, acoustic, electrical, or magnetic irritant or contaminant, including but not limited to smoke, vapor, soot, fumes, fibers, radiation, acid, alkalis, petroleums, chemicals or "waste". "Waste" includes medical waste, biological infectants, and all other materials to be disposed of, recycled, stored, reconditioned or reclaimed.

**TIME ELEMENT POLLUTION INCIDENT EXCEPTION TO ABSOLUTE POLLUTION EXCLUSION:**

1.    This Absolute Pollution Exclusion does not apply to "damages" because of "bodily injury" or "property damage" which directly results from a "time element pollution incident".

2.    The following terms and conditions apply to this "time element pollution incident."

    A.  The "time element pollution incident" must:

    a.    Begin at an identified time and place during the policy period; and

    b.    Not be a repeat or resumption of a previous discharge, dispersal, release or escape of the same "pollutant" from essentially the same source within twelve (12) months of a previous discharge, dispersal, release or escape; and

      c.      Result directly from "insured operations"; and

      d.      Be discovered by the insured within the "discovery time period" shown in the Schedule above; and

      e.      Be reported to the Company in writing within the "reporting time period" shown in the Schedule above. …

3.      For purposes of this "time element pollution incident", the following exclusions are added: This insurance does not apply to:

      a.      "Bodily injury" or "property damage" expected or reasonably foreseeable, or intended, from the standpoint of the insured;

      b.      "Bodily injury" or "property damage" arising out of or emanating from or in any way related to a "time element pollution incident" which directly or indirectly results from or is attributable to a failure to comply with any applicable statute, regulation, ordinance, directive or order relating to the protection of the environment and promulgated by any government body;

      c.      Any loss, cost, fine, penalty, interest, obligation or expense arising out of any claim, request, demand, order, decree or "suit" by a designated natural resource trustee or other person vested with the authority under any federal or state statute to make such a claim, that any insured or others assess, replace, restores or rehabilitate natural resources due to the effects of "pollutants";

      d.      "Bodily injury" or "property damage" caused in whole or in part, or contributed to by or indirectly or directly resulting from the actual, alleged or threatened exposure of person(s) or property to any radioactive matter, except where specifically endorsed onto this Policy;

      e.      "Bodily injury" or "property damage" arising from any "pollutants" transported by "auto", aircraft, watercraft or rolling stock beyond the boundaries of the "job site project" or "premises";

      f.      "Bodily injury" or "property damage" arising from operations performed at sites which any governmental agency has proposed for or has included on the Environmental Protection Agency's National Priorities List, any similar federal, state or local list or registry, or any other government list of locations or facilities containing or exhibiting "pollutants";

      g.      "Bodily injury" or "property damage" arising out of the ownership or operation of any offshore facility as defined in the Outer Continental Shelf Lands Act Amendment of 1978 of the Clean Water Act of 1977, as amended, or as may be amended, or any

       h.    deepwater port as defined in the Deepwater Port Act of 1974, as amended or as may be amended;

       h.    Any claim arising out of the actual, alleged or threatened discharge, dispersal, release or escape of oil, gas, petroleum products into or upon the navigable waters of the United States of America or adjoining shorelines, as defined by the Oil Pollution Control Act of 1990, the Alaska Title 46, Water, Air, Energy, and Environmental Conservation regulations, the California Lempert-Keene-Seastrand Oil Spill Prevention And Response Act or similar federal, state or local law, rules, or regulations as amended or as may be amended;

       i.    "Bodily injury" or "property damage" arising from "pollutants" dispersed from, arising out of, or in connection with any wave action, waves, tidal waves, tidal waters, tsunamis or water due to weather disturbances or storm surges that exceed normal levels or break through natural or man-made boundaries for their containment or the associated debris from any of the above;

       j.    "Bodily injury" or "property damage" arising out of a "well out of control";

       k.    "Bodily injury" or "property damage" arising out of a "time element pollution incident" which occurs or emanates from a "waste disposal site", provided that this exclusion shall not apply to "bodily injury" or "property damage" arising out of a "time element pollution incident" which occurs or emanates from a salt water disposal well;

       l.    "Bodily injury" or "property damage" arising out of any "underground storage tank";

       m.    "Bodily injury" or "property damage" arising out of a "time element pollution incident" which originates or emanates from any location that is not a "job site project" or "premises";

       n.    "Bodily injury" or "property damage" arising, in whole or in part, from any solid, liquid, thermal, or gas irritant, or contaminant, including smoke, vapors, fumes, acids, alkalis, chemicals or waste which was not considered a "pollutant" by any government entity during or after the term of the Policy;

20.    The policy also contains an Additional Policy Exclusions, Form CAS3043 0817, which provides in pertinent part:

**DUTY TO DEFEND EXCLUSION**

Where there is no coverage under this policy, there is no duty to defend. …

## THE KINSALE COMMERCIAL EXCESS LIABILITY POLICY

21.     "RBJ & Associates LP" applied to Kinsale and purchased a surplus lines commercial general liability policy, bearing Policy No. 0100025444-4, and effective from 12/22/2018 to12/22/2019.[4] (A complete copy of the policy is attached as Exhibit "C.")

22.     The excess policy's Schedule of Underlying Insurance lists as Primary Insurance Policy Number 0001248499 issued by Texas Mutual Insurance Company, and also Policy Number 0100016267-5 issued by Kinsale.

23.     In pertinent part, the excess policy's main form (Form CAX0001 0817) provides:

**SECTION I - COVERAGE**

**A. INSURING AGREEMENT**

We will pay on behalf of the Named Insured those sums in excess of the "underlying insurance" that you become legally obligated to pay as damages because of injury or property damage to which this insurance applies, provided that the damages would be covered by the "underlying insurance(s)", but for the exhaustion of the applicable Limits of Insurance.[5]

This policy shall follow the terms, definitions, conditions and exclusions of the "primary insurance" and of any other "underlying insurance" only to the extent coverage is further limited or restricted by the terms and conditions of such other "underlying insurance"; subject always to the policy period, policy limits, premiums and all other terms, definitions, conditions and exclusions of this policy. If any provisions of the "underlying insurance" conflict with any provisions of this policy, the provisions of this policy will apply.

This policy will not, in any event, provide broader coverage than that provided by the "underlying insurance". …

**SECTION III- EXCLUSIONS**

All exclusions in the "underlying insurance", will also apply to the Limits of Insurance and coverages available under this policy. If there are conflicts in the exclusions of the

---

[4] "RBJ & Associates, LLC" became the sole Named Insured effective 07/15/2019 under Policy Change Number 2. Prior to 07/15/2019, RBJ & Associates, LLC was not an insured under the Kinsale policy. "Pilot Water Solutions Permian LLC" became the sole Named Insured effective 08/26/2019 under Policy Change Number 3. Prior to 08/26/2019, Pilot Water was not an insured under the Kinsale policy.

[5] The policy further includes 2. Other Insurance provision (Form CAX0001 0817, Pg. 7/11), and a Non-Drop Down Provision (Form CAX4014 1211). There is no coverage under the excess policy but even if there was it would be excess over coverage all insurance that is available to Pilot Water.

"underlying insurance" with any of the exclusions of this policy, the exclusions in this policy will apply. …

**4. Employment Practices**

This insurance does not apply to liability for employment-related practices, regardless of allegations, nor to any expenses nor to any obligation to share damages with or repay anyone else who must pay damages from same including but not limited to:

   a. Refusal to employ or termination of employment;

   b. Discrimination, coercion, demotion, evaluation, reassignment, discipline, defamation, harassment in any form, humiliation or other employment-related practices, policies, acts or omissions;

   c. Consequential injury as a result of a. or b. above. …[6]

**6. Duty To Defend**

Where there is no coverage under this policy, there is no duty to defend.[7]

24.    In pertinent part, the policy includes this exclusion (Form CAX0001 0817):

# EXCLUSION - ABSOLUTE POLLUTION AND POLLUTION RELATED LIABILITY

**This endorsement modifies insurance provided under the following:**

**ALL COVERAGE FORMS**

The following exclusions are added to this policy. If the policy already includes a pollution exclusion or a pollution related exclusion, such exclusion(s) is (are) deleted and replaced with the following:

1. This insurance does not apply to any claim or "suit" for "bodily injury", "property damage", "personal and advertising injury" or other injury or damage arising directly or indirectly out of, related to, or, in any way involving:

   Pollution/environmental impairment/contamination or any expenses or any obligation to share damages with or repay anyone else who must pay damages from same in conjunction with occurrences arising out of or alleged to have arisen out of same. All liability and expense arising out of or related to any form of pollution, whether intentional or otherwise and whether or not any resulting injury, damage, devaluation, cost or expense is expected by any insured or any person or entity, is excluded throughout this policy.

---

[6] The policy includes an Occupational Disease exclusion, as well as an ERISA exclusion. (*See* Form CAX0001 0817, Pgs. 4-5.)

2. This insurance does not apply to any damages, claim, or "suit" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants" including but not limited to any:

   a. "Bodily injury", "personal and advertising injury", "property damage" or other injury or damages for the devaluation of property, or for taking, use or acquisition or interference with the rights of others in or on property or air space, or any other type injury or expense; or

   b. Any loss, cost, expense, fines and/or penalties arising out of any (i) request, demand, order, governmental authority or directive that of any private party or citizen action that any insured, or others, test for, monitor, clean up, remove, contain, treat, detoxify or neutralize or in any way respond to, or assess same, the effects of "pollutants", environmental impairments, contaminants or (ii) any litigation or administrative procedure in which any insured or others may be involved as a party as a result of actual, alleged or threatened discharge, dispersal, seepage, migration, release, escape or placement of "pollutants", environmental impairments, or contaminants into or upon land, premises, buildings, the atmosphere, any water course, body of water, aquifer or ground water, whether sudden, accidental or gradual in nature or not, and regardless of when.

These exclusions apply regardless of whether:

1. Injury or damage claimed is included within the "products-completed operations hazard" of the policy; or

2. An alleged cause for the injury or damage is the insured's negligent hiring, placement, training, supervision, retention, act, error or omission.

The following definition is added to the policy. If the policy already includes a definition of "pollutants" such definition is deleted and replaced with the following:

> "Pollutants" means any solid, liquid, gaseous, fuel, lubricant, thermal, acoustic, electrical, or magnetic irritant or contaminant, including but not limited to smoke, vapor, soot, fumes, fibers, radiation, acid, alkalis, petroleums, chemicals or "waste". "Waste" includes medical waste, biological infectants, and all other materials to be disposed of, recycled, stored, reconditioned or reclaimed.

ALL OTHER TERMS AND CONDITIONS OF THE POLICY REMAIN UNCHANGED

### **TEXAS MUTUAL WORKERS COMPENSATION AND EMPLOYERS LIABILITY POLICY**

25.     Texas Mutual issued and delivered a Workers Compensation' and Employers Liability Policy to Pilot Water, bearing Policy Number 0001248499, and effective from 2/12/19

to 2/12/20.[8] The policy provides Part One – Workers' Compensation Insurance. The policy also provides Part Two – Employers Liability Insurance for Bodily Injury by Accident in the amount of $1,000,000 Each Accident. (A complete copy of the policy is attached as Exhibit "D.")

26. The Texas Mutual policy was in effect on 05/06/2019 when Camilo Salcedo suffered bodily injury by accident in the course and scope of his employment with Pilot Water.

27. In pertinent part, the policy provides:

### PART TWO – EMPLOYERS LIABILITY INSURANCE

**A. How This Insurance Applies**

This employers liability insurance applies to bodily injury by accident or bodily injury by disease. Bodily injury includes resulting death.

1. The bodily injury must arise out of and in the course of the injured employee's employment by you.

2. The employment must be necessary or incidental to your work in a state or territory listed in Item 3.A. of the Information Page.

3. Bodily injury by accident must occur during the policy period.

4. Bodily injury by disease must be caused or aggravated by the conditions of your employment. The employee's last day of last exposure to the conditions causing or aggravating such bodily injury by disease must occur during the policy period.

5. If you are sued, the original suit and any related legal actions for damages for bodily injury by accident or by disease must be brought in the United States of America, its territories or possessions, or Canada. …

**D. We Will Defend**

We have the right and duty to defend, at our expense, any claim, proceeding or suit against you for damages payable by this insurance. We have the right to investigate and settle these claims, proceedings and suits.

28. As an employee of Pilot Water, Salcedo requested and received in excess of $743,433.98 in workers' compensation benefits from Texas Mutual.

---

[8] RBJ & Associates LP, a predecessor name of Pilot Water, was added to the Texas Mutual policy as an Additional named insured effective 01/16/2019. (*See* Form WC 00 00 01 B-NAME, Pg. 21/47.)

29. Texas Mutual has asserted a workers' compensation subrogation lien for all the workers' compensation benefits it paid to Salcedo for the accident.

30. Even though its policy is implicated, Texas Mutual has failed to defend Pilot Water against the lawsuit by Salcedo.

### COUNT I – EMPLOYERS LIABILITY EXCLUSION
(KINSALE CGL POLICY)

31. Kinsale incorporates paragraphs 1 through 30.

32. Salcedo was employed by Pilot Water on 05/06/2019 and acting in the course and scope of his employment when he "suffered life-altering burns when the trash pump and piping system at the saltwater disposal site spewed flammable liquid all over him. Almost immediately, the liquid ignited."

33. As an employee of Pilot Water, Salcedo requested and received in excess of $743,433.98 in workers' compensation benefits from Texas Mutual.

34. Kinsale has no duty to defend or indemnify Pilot Water against the lawsuit based on the Exclusion – Employers Liability.

35. To the extent the Kinsale excess policy follows form to the terms of the Kinsale CGL policy, Kinsale also has no duty to defend or indemnify Pilot Water under the excess policy.

### COUNT II – WORKER'S COMPENSATION EXCLUSION
(KINSALE CGL POLICY)

36. Kinsale incorporates paragraphs 1 through 30.

37. Salcedo was employed by Pilot Water on 05/06/2019 and acting in the course and scope of his employment when he "suffered life-altering burns when the trash pump and piping system at the saltwater disposal site spewed flammable liquid all over him. Almost immediately, the liquid ignited."

38. As an employee of Pilot Water, Salcedo requested and received in excess of $743,433.98 in workers' compensation benefits from Texas Mutual.

39. Kinsale has no duty to defend or indemnify Pilot Water against the lawsuit based on the Worker's Compensation and Similar Laws exclusion.

40. To the extent the Kinsale excess policy follows form to the terms of the Kinsale CGL policy, Kinsale also has no duty to defend or indemnify Pilot Water under the excess policy.

### COUNT III – ABSOLUTE POLLUTION EXCLUSION
(KINSALE CGL POLICY)

41. Kinsale incorporates paragraphs 1 through 30.

42. Salcedo "suffered life-altering burns when the trash pump and piping system at the saltwater disposal site spewed flammable liquid all over him. Almost immediately, the liquid ignited."

43. The incident occurred on 05/06/2019, but the matter was not reported to Kinsale until over a year later on 05/05/2020; accordingly, the Time Element Pollution Incident Exception does not apply.

44. Kinsale accordingly has no duty to defend or indemnify Pilot Water against the lawsuit based on the Absolute Pollution Exclusion.

### COUNT IV – ABSOLUTE POLLUTION EXCLUSION
(KINSALE EXCESS POLICY)

45. Kinsale incorporates paragraphs 1 through 30.

46. Salcedo "suffered life-altering burns when the trash pump and piping system at the saltwater disposal site spewed flammable liquid all over him. Almost immediately, the liquid ignited."

47. Kinsale accordingly has no duty to defend or indemnify Pilot Water against the lawsuit based on the Absolute Pollution Exclusion.

### COUNT V – STATUS AS AN INSURED
(KINSALE CGL POLICY AND EXCESS POLICY)

48. Kinsale incorporates paragraphs 1 through 30.

49. Salcedo was injured on 05/06/2019.

50. Pilot Water became the sole Named Insured under the CGL policy effective 08/26/2019. Prior to 08/26/2019, Pilot Water was not an insured under the CGL Kinsale policy.

51. Pilot Water became the sole Named Insured under the excess policy effective 08/26/2019. Prior to 08/26/2019, Pilot Water was not an insured under the excess policy.

52. Kinsale accordingly has no duty to defend or indemnify Pilot Water against the lawsuit because Pilot Water was not an insured on 05/06/2019.

### COUNT VI – TEXAS MUTUAL POLICY

53. Kinsale incorporates paragraphs 1 through 30.

54. The Texas Mutual policy was in effect on 05/06/2019 when Salcedo suffered bodily injury by accident in the course and scope of his employment with Pilot Water.

55. The Texas Mutual policy does not have any iteration of a Pollution Exclusion.

56. Kinsale has no duty to defend or indemnify Pilot Water against the lawsuit. Kinsale has been forced to incur attorney's fees and costs defending Pilot Water, however, because Texas Mutual has failed to recognize its obligations and defend Pilot Water.

57. Kinsale seeks a declaration that Texas Mutual has a primary duty to defend Pilot Water, and that Kinsale is entitled to reimbursement from Texas Mutual for all the fees and costs that Kinsale has been forced to incur because Texas Mutual is not providing a defense.

### REQUESTED RELIEF

Kinsale respectfully requests this Court:

a. Take jurisdiction and adjudicate the rights of the parties under the policy;

b. Declare the following:

   i. There is no coverage for Pilot Water under the CGL policy's Employer's Liability Exclusion;

   ii. There is no coverage for Pilot Water under the CGL policy's Worker's Compensation and Similar Laws Exclusion;

   iii. There is no coverage for Pilot Water under the CGL policy's Absolute Pollution Exclusion;

   iv. There is no coverage for Pilot Water under the excess policy's Absolute Pollution Exclusion;

   v. There is no coverage for Pilot Water under the CGL policy or the excess policy because Pilot Water was not an insured on 05/06/2019;

   vi. Texas Mutual has a duty to defend Pilot Water against Salcedo's lawsuit and Kinsale is entitled to reimbursement from Texas Mutual for all the fees and costs that Kinsale has been forced to incur because Texas Mutual is not providing a defense.

c. Award Kinsale all costs it incurred to prosecute this action, as well as any other relief that this Court deems equitable, just, and proper.

Respectfully submitted,

*/s/ Lisa M. Henderson*
Lisa M. Henderson
State Bar No. 24025423
Southern Dist. Bar No. 27407
lisa.henderson@clydeco.us
L. Kimberly Steele
State Bar No. 04127600
Southern Dist. Bar No. 16977
kimberly.steele@clydeco.us
CLYDE & CO US LLP

ATTORNEYS FOR DEFENDANT
KINSALE INSURANCE COMPANY

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing document has been served on all counsel of record via efile.txcourts.gov on the 5th day of October, 2022.

*/s/ Lisa M. Henderson*
LISA M. HENDERSON